Center for Disability Access
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Ray Ballister Jr., Esq., SBN 111282
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191
Fax: phylg@potterhandy.com

Attorneys for Plaintiff

Michael Welch + Associates
Michael D. Welch (SBN: 111022)
770 L Street, Suite 950
Sacramento, CA. 95814
Telephone: (916) 449-3930
Facsimile: (916) 449-3930

Attorney for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON<br>　　　　Plaintiff,<br><br>vs.<br><br>CRAIG KUROTORI;<br>ROBIN KUROTORI;<br>CENTRAL VALLEY LIFT TRUCK, INC., a California Corporation; and Does 1-10,<br><br>　　　　Defendants. | Case No. 2:15-CV-00254-JAM-KJN<br><br>**CONSENT DECREE AND ORDER**<br><br>Judge:  Honorable John A. Mendez |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

    1.    Plaintiff SCOTT JOHNSON filed this action (known as Case No. 2:15-CV-00254-JAM-KJN) against Defendants seeking money damages and injunctive relief for, *inter alia*,

1  violations of the Americans with Disabilities Act of 1990 (the "ADA") and corresponding state law
2  claims, as well as common law claims, in the United States District Court for the Eastern District of
3  California on January 29, 2015. Defendants CRAIG KUROTORI, ROBIN KUROTORI &
4  CENTRAL VALLEY LIFT TRUCK, INC. ("Defendants") filed his Answer to the Complaint on
5  February 20, 2015.

6  2.  Defendants and Plaintiff (collectively sometimes referred to herein as the "Parties" or
7  separately as a "Party") wish to settle the portion of the cases relating to issues of injunctive relief
8  and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent
9  Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the
10 need for protracted litigation, and without the admission of any liability as to: (a) the amount of
11 damages to which Plaintiff may be entitled or (b) the amount of attorneys' fees to which Plaintiff
12 may be entitled.

**JURISDICTION:**

3.  The Parties agree that the Court has jurisdiction of this matter for alleged violations of
the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and pursuant to supplemental
jurisdiction under 28 U.S.C. §1367(a) for alleged violations of California Civil Code §§51 and 54 et.
seq.

4.  In order to avoid the costs, expense, and uncertainty of protracted litigation, the
Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the
above-entitled Actions.  Accordingly, the Parties agree to the entry of the proposed Order related to
this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5.  As noted herein, monetary issues are still at issue and accordingly the Parties do not
request that the Honorable Court dismiss the action as these issues may still proceed to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and the 2010 Americans with Disabilities Act Standards, unless other standards are specifically agreed to in this Consent Decree and Order.

8. Remedial Measures:  The corrective work agreed upon by the Parties is attached hereto as Exhibit "A".  Defendants agree to undertake all of the remedial work set forth therein.

9. Timing of Injunctive Relief:  Exhibit "A" also includes the estimated timeframe for completing the work described therein.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or his counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties.  Defendants, or his counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before April 1, 2016.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

10. The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth

herein shall be deemed to in any way limit or effect a waiver of either of Plaintiff's past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of his alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative Complaints or otherwise.

**ENTIRE CONSENT ORDER:**

11.   This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.   This Consent Decree and Order shall be in full force and effect for a period of twenty four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.   If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.   Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in

counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

Respectfully Submitted,

Dated: January 4, 2016                          CENTER FOR DISABILITY ACCESS

                                                  By:    /s/ Teresa Allen
TERESA ALLEN
Counsel for Plaintiff
SCOTT JOHNSON

Dated: January 4, 2016                          MICHAEL WELCH + ASSOCIATES

                                                  By:/s/ Michael D. Welch
MICHAEL D. WELCH
Counsel for Defendants
CRAIG KUROTORI, ROBIN KUROTORI &
CENTRAL VALLEY LIFT TRUCK, INC.

**IT IS SO ORDERED.**

Dated: January 4, 2016                          /s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
United States District Court Judge